FILED
United States Court of Appeals
Tenth Circuit

October 17, 2022

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

| | |
|---|---|
| IN RE: SYNGENTA AG MIR 162 CORN LITIGATION (KELLOGG FARMERS). | No. 20-3257 (D.C. No. 2:14-MD-02591-JWL-JPO) (D. Kan.) |

_____

**ORDER AND JUDGMENT***
_____

Before **HARTZ**, **BACHARACH**, and **ROSSMAN**, Circuit Judges.
_____

This case involves a group of corn producers (the Kellogg farmers) who filed individual suits against an agricultural business (Syngenta AG) and then sought to intervene in a separate class action filed against Syngenta. Through intervention in the class action, the Kellogg farmers wanted to oppose the disbursement of a fee award to their former attorneys. The Kellogg farmers claimed that their former attorneys had forfeited their attorney fees by violating federal and state statutes, engaging in fraud, and breaching fiduciary duties.

The district court denied the Kellogg farmers' motion to intervene. In denying the motion, the court noted that it had already dismissed the

---

* This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

Kellogg farmers' claims against their former attorneys. Because the dismissal had not been stayed, the Kellogg farmers no longer had an interest in the fees disbursed to their former attorneys. So the court didn't allow the Kellogg farmers to intervene in the class action. The court also denied the Kellogg farmers' motion for recusal. The Kellogg farmers appeal the district court's decisions (1) declining to recuse and (2) disallowing intervention.

In a related appeal, we affirmed the dismissal of the Kellogg farmers' claims and the decision not to recuse. In light of our opinion in the related appeal, we affirm the denial of the Kellogg farmers' motions for recusal and intervention.[1]

Entered for the Court


Per Curiam

---

[1]     In appealing the denial of intervention, the Kellogg farmers also assert that the fees to their attorneys are disputed and must be held in escrow until appeals have been exhausted here and in the Supreme Court. But the Kellogg farmers do not cite any authority for this argument, and an unstayed judgment normally takes effect despite a pending appeal. *See Coleman v. Tollefson*, 575 U.S. 532, 539 (2015) ("Unless a court issues a stay, a trial court's judgment (say, dismissing a case) normally takes effect despite a pending appeal."). We thus reject the Kellogg farmers' argument for intervention based on a continued dispute over the attorney fees.